ADAM PAUL LAXALT
Nevada Attorney General
MERCEDES S. MENENDEZ
Deputy Attorney General
Nevada Bar No. 9664
Public Safety Division
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada  89101
Telephone: (702) 486-3107
Facsimile:  (702) 486-3773
MMenendez@ag.nv.gov
*Attorneys for Defendants*
*Dwight Neven and Manuel Portillo*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FREDERIC GREEN, #71746, | ) |
| Plaintiff, | ) Case No. 2:13-cv-00024-APG-NJK |
| v. | ) |
| SGT. PORTILLO, et al., | ) **MOTION FOR ENLARGMENT OF TIME TO FILE DISPOSITIVE MOTIONS (SECOND REQUEST)** |
| Defendants. | ) |

Defendants, Dwight Neven and Manuel Portillo, by and through counsel, Adam Paul Laxalt, Nevada Attorney General, and Mercedes S. Menendez, Deputy Attorney General, hereby moves for an extension of time for the filing of dispositive motions, pursuant to LR 6 and LR 26-4.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  PROCEDURAL HISTORY**

Frederic Green ("Plaintiff"), who is currently in the custody of the Nevada Department of Corrections ("NDOC"), has a civil rights action pending in this Court, where he has sued High Desert State Prison ("HDSP") alleging violations of his First and Fourth Amendment rights.

Pursuant to the Court's October 3, 2014 Order, the deadline for filing dispositive motions is set for February 2, 2015. (Doc. 23).  On January 5, 2015, the Court extended the

1  discovery cut off to January 22, 2015.  (Doc. 29).  The new responses opened the door to
2  come additional issues the Defendants would like to include in their dispositive motion and as
3  a result, request additional time to complete said motion.  Defendants' counsel believes she
4  will need four (4) days to adequately complete the dispositive motion.

5  On February 2, 2015, Defendants moved for additional time to file their dispostive
6  motion but did not follow the guidelines laid out by LR 26-4.  As a result, the motion was
7  denied without prejudice.  Defendants' counsel now makes the request to the Court including
8  all the requirements laid out in LR 26-4.

## II.  INTRODUCTION

The Court has broad discretion in supervising the pretrial phase of litigation, which includes establishing discovery deadlines.  *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002).  Under LR 26-4, a motion or stipulation to extend scheduling order deadlines must be supported by a showing of "good cause" and requests to extend scheduling order deadlines that are filed less than twenty-one (21) days before the expiration of said deadlines must be supported by a showing of excusable neglect.  Defendants request that this Court find that they have demonstrated both good cause for their requested extension and excusable neglect for their late submission.

## III.  REQUESTED EXTENSION AND GOOD CAUSE THEREFOR

### a.  Discovery Completed To-Date

Defendants have responded to two sets of discovery propounded by the Plaintiff.

### b.  Discovery Remaining to be Completed.

There is no remaining discovery needed.  Defendants simply request additional time to file their dispostive motion.

### c.  Good Cause Explanation Why This Extension is Requested

As stated above, the Court extended discovery so that the Plaintiff's discovery requests could be answered by the Defendants.   In the new discovery, Plaintiff focused his questions on the Defendants' knowledge of Islam.  As the Court is well aware, this is a Fourth Amendment

search and seizure case and a First Amendment retaliation case. More specifically, the Plaintiff alleged that Defendant Portillo violated Plaintiff's rights by retaliating against him for filing a religious accommodations request. While religion is an important aspect in the case, it appears that the Plaintiff is placing focus on whether or not the Defendants were aware of the tenants of Islam, which is not a central issue in this case. Furthermore, it appears that Plaintiff alleges that he was fired because he asked for an accommodation because he was a Muslim, versus he was fired because he simply asked for a religion accommodation. While this appears to be an issue of semantics, it required additional time to tailor the declaration that the Defendants are preparing in support of their motion for summary judgment.

Additionally, Plaintiff recently submitted his own dispostive motion, which requires a response. This coupled with Defendants' counsel current schedule, including but not limited to: answering another twelve sets of interrogatories and Request for Admissions in USDC 2:11-cv-01251-KJD-NJK; dealing with discovery disputes and settlement discussions in USDC 2:12-cv-00499-RFB-NJK; and filing a dispostive motion in 8th JD A-13-691424-C. A week extension is not going to prejudice the Plaintiff. Plaintiff has already filed his motion for summary judgment that the Defendants plan to oppose.

### IV. THIS MOTION WAS NOT SUBMITTED WITHIN 21 DAYS BEFORE THE EXPIRATION OF THE DISCOVERY DEADLINE DUE TO EXCUSIBLE NEGLECT

When Defendants were originally served with the additional discovery, they did not believe they had to answer it because it was served thirty (30) days prior to the discovery cut-off. When the Court granted Plaintiff's extension on January 5, 2015, the discovery deadline was extended to January 22, 2015, which is still less than twenty-one (21) days before the cut off; thereby making Defendants' request for additional time untimely from the start should she have made the request at that time.

While Defendants concede they should have filed their request for an extension to the scheduling order sooner, Defendants' counsel had every intention to file the dispositive motion timely; thereby not needing the additional time. Unfortunately, other deadlines have sprung up and Defendants' counsel needed that additional week to finish the declarations and gather

the exhibits, especially given that Defendants want to ensure that they deal with the issue about being fired from the culinary for being a Muslim.  Defendants' counsel apologizes for any delays the Court may have as a result of this request.

CONCLUSION

Based on the foregoing, Defendants respectfully request the time to file their dispostive motion; thereby making the new date February 9, 2015.

DATED this 5th day of February, 2015.

ADAM PAUL LAXALT
Attorney General

By:   /s/ Mercedes S. Menendez
MERCEDES S. MENENDEZ
Deputy Attorney General
*Attorneys for Defendants*
*Dwight Neven and Manuel Portillo*

IT IS SO ORDERED.
DATED:  February 6, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

## CERTIFICATE OF MAILING

I hereby certify that on the 5th day of February, 2015, I served the foregoing, **MOTION FOR ENLARGEMENT OF TIME TO FILE DISPOSITIVE MOTIONS (SECOND REQUEST)**, by causing a true and correct copy thereof to be filed with the Clerk of the Court, using the electronic filing system, and by causing a true and correct copy thereof to be delivered to the Department of General Services, for mailing at Las Vegas, Nevada, addressed to the following:

Frederic Green, #71746
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada  89070
Plaintiff, Pro Se

/s/ Mercedes S. Menendez
An employee of the Office of the Attorney General

- 5 -